IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ISIDRO ANDRADE-TAFOLLA**, | Case No. 3:20-cv-01361-IM |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **UNITED STATES**, | |
| Defendant. | |

Caitlin Van Tassel Mitchell, Jennifer J. Middleton, Johnson, Johnson, Lucas & Middleton, PC, 975 Oak Street, Suite 1050, Eugene, OR 97401; Jessica Lynn Battle, Leland Baxter-Neal, ACLU of Oregon, 506 SW 6th Avenue, Suite 700, Portland, OR 97204. Attorneys for Plaintiff.

Dianne Schweiner, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

This matter comes before this Court on Defendant's Motion to Compel Independent Mental Health Examination of Plaintiff. ECF 55. This Court has considered the Parties' briefing and the arguments presented at the August 3, 2022 hearing on the Motion. As explained below, this Court GRANTS Defendant's Motion to Compel.

## BACKGROUND

This is a Federal Tort Claims Act case in which Plaintiff Isidro Andrade-Tafolla asserts a claim of false arrest and imprisonment against the United States. This matter arises out of a September 18, 2017 law enforcement encounter that Plaintiff alleges left him with significant emotional distress. ECF 1 at ¶¶ 1–2, 27.[1] Plaintiff had previously been evaluated by his mental health therapist, Gerry Schaffner, LMFT, who diagnosed Plaintiff with Post-Traumatic Stress Disorder (PTSD).[2] ECF 59 at ¶ 6. Defendant retained its own expert psychiatrist, Mark Kalish, M.D., who reviewed Plaintiff's mental health treatment records, deposition testimony, and other documents related to the incident. ECF 55-2 at 1. Dr. Kalish submitted an expert report opining that Plaintiff had not developed any psychiatric condition that required treatment as a result of the incident. *Id.* at 6.

Defendant brought the instant motion requesting that this Court order Plaintiff to appear for an independent mental health examination with Dr. Kalish. ECF 55 at 2. On August 3, 2022, this Court held a hearing on Defendant's Motion and requested that Defendant submit a supplement to Dr. Kalish's report explaining why an independent examination was necessary to his assessment. ECF 60. This Court is in receipt of Dr. Kalish's supplemental declaration, ECF 59, and now considers Defendant's Motion.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 35 provides that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination

---

[1] This Court provides a more detailed explanation of the case's factual background in its March 17, 2022 Opinion and Order denying Plaintiff's Motion to Compel. ECF 52.

[2] Plaintiff has designated Mr. Schaffner as an expert witness to testify at trial. ECF 55 at 2.

PAGE 2 – ORDER

by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). Unlike reports for testifying experts under Rule 26(a)(2), which must be served on the opposing party at the time of the expert disclosure, Rule 35 reports are not required to be produced by the moving party unless requested by the opposing party or the person examined. Fed. R. Civ. P. 35(b)(1). The examiner's report must "set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2).

In *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), the Supreme Court established standards for district courts deciding whether to compel a Rule 35 examination. The *Schlagenhauf* Court explained that Rule 35's "in controversy" and "good cause" requirements are not met by "mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* at 118.

However, the *Schlagenhauf* Court further explained that "there are situations where the pleadings alone are sufficient to meet these requirements." *Id.* at 119. For example, a plaintiff "who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* While the Ninth Circuit has not provided clear guidance on how to determine whether the "good cause" requirement of Rule 35 has been satisfied, district courts have often considered factors that include: (1) the possibility of obtaining

PAGE 3 – ORDER

the desired information by other means; (2) whether the plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant; and (4) whether the plaintiff claims ongoing emotional distress. *See, e.g.*, *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 165 (N.D. Cal. 2013). It is the moving party's burden to provide enough information for the court to find that Rule 35's requirements are satisfied. *Schlagenhauf*, 379 U.S. at 118.

## DISCUSSION

This Court finds that Defendant has satisfied its burden of showing that Plaintiff's mental state is in controversy and that there is good cause to order an independent mental examination. First, this Court notes that there does not appear to be a dispute about whether Plaintiff's mental state is in controversy. Plaintiff has claimed emotional and mental health-related injuries and lists his own therapist as a witness who can testify about his injuries.[3] Accordingly, this Court is satisfied that the "in controversy" requirement of Rule 35 has been met.

The Parties' dispute centers on whether Defendant has shown "good cause" for this Court to compel Plaintiff to sit for a mental examination. Plaintiff claims that Defendant has failed to show the specific facts necessary to justify an examination. ECF 56 at 2–3. Plaintiff notes that

---

[3] Most district courts in the Ninth Circuit evaluate whether the "in controversy" requirement is satisfied by applying the test set forth in *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995). In *Turner*, the court observed that a mental examination is proper where the plaintiff alleges emotional distress damages and one or more of the following is present:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Id.* at 95.

PAGE 4 – ORDER

Dr. Kalish has already been provided with numerous documents including Plaintiff's mental health records. *Id.* at 2. This Court is cognizant that Rule 35 requires "discriminating application by the district judge," and independent medical examinations must not be "ordered routinely." *Shlagenhauf*, 379 U.S. at 121–22. Nevertheless, this Court has reviewed the supplement to Dr. Kalish's expert report, ECF 59, and finds that Defendant's need for additional information is sufficient to establish good cause.

> Dr. Kalish notes that an independent examination is important in determining:
>
> (1) the scope and severity of [Plaintiff]'s claimed emotional distress; (2) the cause of his claimed emotional suffering; (3) whether [Plaintiff]'s suffering is the result of alternative stressors other than the events alleged in the Complaint; and (4) the accuracy of [Plaintiff]'s PTSD diagnosis and the results of any treatments, if any.

ECF 59 at ¶ 8. This Court agrees. *See Turner*, 161 F.R.D. at 96 (holding that Rule 35 "is to be construed liberally in favor of granting discovery"). A substantive inquiry into Plaintiff's alleged condition may require an expert to conduct additional tests and review a broad swath of patient information over and above what has already been provided to Defendant. Thus, this Court finds that an examination by Defendant's expert is justified under Rule 35. *See* ECF 59 at ¶¶ 9–10.

While this Court acknowledges that Defendant may use tools like cross-examination to rebut Plaintiff's evidence, here, basic principles of fairness warrant that Defendant have a meaningful opportunity to examine Plaintiff's condition for itself. *See Narayan v. Compass Grp. USA, Inc.*, No. 217CV00999MCECKD, 2019 WL 265109, at *5 (E.D. Cal. Jan. 18, 2019) ("Rule 35 is meant to level the playing field so that both sides have adequate expert evidence regarding plaintiff's medical condition."). For example, Defendant's expert may be able to pinpoint information that would otherwise go uncovered in a cross-examination informed only by a review of Plaintiff's paper records. Further, this Court notes that Plaintiff's plan to prove his claim through the testimony of Mr. Schaffner and his allegation of ongoing mental distress are

additional factors that support Defendant's request for relief. *Gavin*, 291 F.R.D. at 165. Accordingly, this Court finds that there is good cause sufficient to order an independent mental examination of Plaintiff under Rule 35.[4]

## CONCLUSION

Finding that Plaintiff's mental health condition is in controversy and Defendant has established good cause to order a mental examination under Rule 35, this Court GRANTS Defendant's Motion to Compel Independent Mental Health Examination of Plaintiff, ECF 55.

**IT IS SO ORDERED.**

DATED this 8th day of August, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[4] This Court also rejects Plaintiff's request to limit the scope of Dr. Kalish's examination. ECF 56 at 4. While Plaintiff objects to any question that may fall outside the scope of the lawsuit, Dr. Kalish's declaration makes clear that his assessment requires an inquiry into areas like Plaintiff's past and personal history. ECF 59 at ¶ 10. There is no cause for this Court to insert itself into a dispute about Dr. Kalish's analytical methods before he has even had opportunity to examine Plaintiff.